

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Attention: Honorable V. Pat Camp

Dear Sir:

Opinion No. O-3210
Re: Method of payment of the
salary of the Criminal
District Attorney of Bexar
County.

Your recent request for an opinion of this department on the above stated matter has been received.

We quote from your letter as follows:

"We desire to obtain your opinion on the question of the payment of the salary of the Criminal District Attorney of Bexar County.

"Under the present system such district attorney is paid on a per diem basis which results in considerable variance each month in the amount he receives, although his total maximum salary is $7400.00 per annum.

"I note in your opinion #O-2531, issued during the month of November, 1940, your holding that since January 1, 1936, all district attorneys have been compensated by the payment of an annual salary in twelve equal monthly installments, rather than by the allowance of fees.

"Article 3883C of our Statutes formerly applied to Bexar County, but we are now under the bracket as outlined in Article 3912E ——— 1, at page 599 of Vernon's Centennial Edition, 1939, Cumulative Supplement, which, of course, pro-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

vides for an annual salary not to exceed
$7400.00 per annum. I am unable to find any
specific statute directing the payment to the
District Attorney other than indicated in the
above quoted Article. I do find, however,
very specific instructions with reference to
the payment of the district attorney in coun-
ties of 355,000 or over, as provided by Art-
icle 3912D, Sec. 1.

"Under the present system as set up by
our auditor, the criminal district attorney
and five other officers of this county receiv-
ing the same salary, to-wit; $7400.00, are
paid on the basis of days worked; that is, for
the month of January they were paid an amount
equaling 31/365 and for the month of February
28/365 of their annual salary. It strikes me,
however, that if, for instance, the Criminal
District Attorney of Bexar County should resign
his office on the night of the 28th of February,
1941, he would be entitled to one-twelfth of his
annual salary of $7400.00 for the month of Feb-
ruary.

"The auditor of our county has been con-
cerned with the possibility that upon a resig-
nation or death of one of such officers in the
middle of a month, that it would be possible
that the officer resigning and the one coming
into office would together, perhaps, receive
more than the maximum allowed by law, unless
such salaries are figured on the per diem basis.
The auditor suggest that Article 6821 dealing
with the method of computing the salaries of
special judges is controlling in the matter of
the payment of the salary of the district attor-
ney and other officials."

Article 3912e-1, Vernon's Annotated Civil Statutes
reads as follows:

"The provisions of this Section shall
apply to and control in each county in the
State of Texas having a population of three
hundred thousand (300,000) inhabitants or
more and less than three hundred and fifty-
five thousand (355,000) inhabitants accord-
ing to the last preceding Federal Census.

"(a)  The County Judge, Sheriff, Dis-
trict Attorney, District Clerk, County Clerk
and the Assessor and Collector of Taxes of
such Counties shall each receive a salary of
Seventy-four Hundred Dollars ($7400) per an-
num.  The County Auditor of such Counties
shall receive a salary of Sixty-five Hundred
Dollars ($6500) per annum, in lieu of any and
all compensation now provided by law; provid-
ed that any salary or compensation now pro-
vided by law to be paid such County Auditors
out of any special funds, including compensa-
tion for services rendered navigation, levee,
drainage or road districts, shall be charged
and collected, but shall be paid into the
General Fund of such counties.  The County
Treasurer of such counties shall receive a
salary of Thirty-nine Hundred Dollars ($3900)
per annum.  The Judges of the County Courts
at Law and the County Criminal Courts of such
counties shall each receive a salary of Six
Thousand Dollars ($6,000) per annum.  All of
such salaries enumerated in this subsection
shall be paid out of the General Fund of such
counties.

"(b)  The County Commissioners of such
counties shall each receive a salary of Fifty-
five Hundred Dollars ($5500) per annum and such
salaries shall be out of the Road and Bridge
funds of such counties.

"(c)  All Justices of the Peace and Con-
stables of such counties who are compensated
on a fee basis as provided by law shall be en-

titled to retain annual fees and/or salary
of Forty-five Hundred Dollars ($4500) each,
provided however, that all fees and commis-
sions whether current or delinquent which are
collected by the incumbent during his tenure
of office shall be applied first to the pay-
ment of his deputies, authorized expenses of
his office and to make up the maximum compen-
sation provided for in this subsection. No
such officers shall be entitled to receive
for any purpose any fees or commissions that
are collected after he ceases to hold such
office."

Bexar County has a population of 338,176 inhabi-
tants according to the 1940 Federal Census. Therefore, said
county comes within the designated population bracket as
set forth in said statute, making the same applicable to
Bexar County.

It will be noted that the above mentioned statute
providing salaries for the various officers named therein
does not specifically designate or name the criminal dis-
trict attorney, but uses the term "district attorney" in-
stead of criminal district attorney. We believe that the
term "district attorney" is broad enough to include the
criminal district attorney in a county such as Bexar, which,
as above stated, comes within the statute and has a legally
elected qualified and acting criminal district attorney in-
stead of a district attorney.

Article 3912e-1, supra, specifically provides
that the various officials named in paragraph (a) thereof
shall each receive a salary of Seventy-four Hundred ($7400)
per annum. The statute does not require that said salary
shall be paid in 12 equal monthly installments. We think
that the statute authorizes the payment of the salary of the
criminal district attorney (and other officers named in said
statute) on a per diem basis. In other words, where the
criminal district attorney did not serve as such for a full
year his salary would be the annual salary of the criminal
district attorney as provided in said statute, divided
by 365 and the quotient multiplied by the number of days

actually served by him, as Article 3912e-1 provides for an annual salary and does not require said salary to be paid in 12 equal monthly installments.

We do not think that Article 6821, Vernon's Annotated Civil Statutes, and our opinion O-2531 referred to in your letter has any application whatsoever to the question under consideration. Where it is stated in opinion O-2531 that "Since January 1, 1936, the district attorneys in all judicial districts in this State have been compensated by the payment of an annual salary in 12 equal monthly installments, rather than by allowance of fees." Article 3888f, Vernon's Revised Civil Statutes, refers and applies only to district attorneys whose salaries are paid by the State. We enclose a copy of said opinion for your information.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:ej
Encl.

APPROVED MAR 21, 1941

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN